A04A2356. MONAS v. THE STATE.
(606 SE2d 80)

BLACKBURN, Presiding Judge.

Following a bench trial, Despina P. Monas appeals her convictions for DUI-less safe and obstruction of a police officer, contending that: (1) the evidence was insufficient to support the verdict; and (2) the trial court erred by denying her motion to suppress certain evidence because (a) she did not understand her implied consent rights, (b) the State allegedly destroyed certain exculpatory evidence, and (c) her stop was pretextual. As all of these contentions are patently erroneous, we affirm.

1. Monas contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence;

---

[5] *Jones v. State*, 226 Ga. App. 619, 621 (1) (487 SE2d 371) (1997).

moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the [trier of fact] to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the . . . verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State.*[2]

Viewed in this light, the record shows that, in the middle of the night on July 14, 1999, Corporal Nathan Davis observed Monas staggering around her vehicle which she had parked in the middle of a public street. Monas then entered the car and began driving. Corporal Davis followed, and, soon thereafter, Monas stopped in an intersection while the traffic light was green, waited until the light turned red, and then made a left turn. Corporal Davis next witnessed Monas's car weaving, and she put on her brakes at almost every intersection she approached.

At that point, Corporal Davis activated his blue lights, and Monas stopped her car at an angle in the middle of the road. Monas then staggered out of her vehicle, and, at that time, her breath had the strong odor of an alcoholic beverage, her eyes were glassy, her gait was unsteady, and her speech was slurred. Although Monas denied having anything to drink, she consented to an alco-sensor test which gave a positive result for consumption of alcohol.

At that point, Corporal Davis attempted to arrest Monas for DUI; however, she resisted so forcefully that Corporal Davis had to request backup assistance. Once backup had arrived and Monas was placed in the police car, Corporal Davis read Monas's implied consent rights to her and asked her to consent to a state-administered breath test. Monas refused to do so.

This evidence amply supported the verdict against Monas. See *Jackson*, supra.

2. Monas contends that the trial court erred by denying her motion to suppress certain evidence on several grounds. Again, we disagree.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

In reviewing [the] denial of a motion to suppress or in limine, we apply the following three principles[.] First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Brittian v. State.*[3]

(a) Monas contends that her refusal to submit to a state-administered breath test should have been suppressed because she did not understand her implied consent rights. It is undisputed, however, that Corporal Davis correctly read Monas's rights to her. "[Monas] does not contend that the implied consent warning the officer read to [her] was not correct, but rather, that it was misleading. The proper implied consent warning as enacted by the legislature was read to [Monas] without error. This enumeration, therefore, must fail." (Citation and punctuation omitted.) *Hobbs v. State.*[4]

To the extent that Monas raises further contentions on this matter, she has argued that her version of events is true and that the several officers who arrested her are lying. Such issues of credibility are not for this Court to consider, and, as such, they do not change the result here. *Hobbs,* supra.

(b) Monas contends that the trial court erred by denying her motion to suppress her refusal to consent to a state-administered breath test because she alleges that the State improperly destroyed an exculpatory tape recording of the events of her stop. This contention fails.

The record shows that, for at least some portion of Monas's stop following her arrest, Corporal Davis tape recorded his conversation with the defendant. Prior to trial, however, this tape was lost, and, as a result, the State was unable to provide the tape to Monas. Contending that the State intentionally destroyed the tape, Monas argued to the trial court that, contrary to Corporal Davis's testimony, she never refused a state-administered breath test and that the tape would have proven her contention.

[3] *Brittian v. State,* 257 Ga. App. 729, 730 (572 SE2d 76) (2002).
[4] *Hobbs v. State,* 260 Ga. App. 115, 117 (2) (579 SE2d 50) (2003).

As a general matter,

> In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence. *Arizona v. Youngblood.*[5] To meet the standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta.*[6]

*Walker v. State.*[7]

Even if we assume that Monas shouldered her burden of proving that the tape contained exculpatory material, there is nothing in the record supporting her contention that the State suppressed the tape in bad faith. To the contrary, the record shows that Corporal Davis voluntarily notified Monas of the tape's existence and tried to set up a meeting to give it to her. In addition, Corporal Davis's daughter was a friend of Monas, and Corporal Davis asked the State to be favorable to her. As such, the record indicates that Corporal Davis went out of his way to help Monas, and there is no evidence that he destroyed the tape. Accordingly, Monas's contention must fail.

(c) Monas contends that the trial court erred by denying her motion to suppress all evidence following her stop, arguing that the stop was pretextual. This contention is wholly without merit.

"So long as the stop was based upon conduct the officer observed, not on a mere 'hunch,' and it was not pretextual, arbitrary, or harassing, an officer may act on a legitimate concern for public safety in stopping a driver." *State v. Calhoun.*[8] "A suppression motion arguing that a traffic stop was pretextual necessarily fails where an officer observes the motorist committing even a minor traffic violation." *Turner v. State of Ga.*[9] In this case, Corporal Davis observed Monas staggering, her car weaving, and erratic driving prior to stopping Monas. Her stop was not pretextual.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[5] *Arizona v. Youngblood,* 488 U. S. 51 (109 SC 333, 102 LE2d 281) (1988).

[6] *California v. Trombetta,* 467 U. S. 479 (104 SC 2528, 81 LE2d 413) (1984).

[7] *Walker v. State,* 264 Ga. 676, 680 (3) (449 SE2d 845) (1994).

[8] *State v. Calhoun,* 255 Ga. App. 753, 755 (566 SE2d 447) (2002).

[9] *Turner v. State of Ga.,* 265 Ga. App. 40, 41 (2) (592 SE2d 864) (2004).

DECIDED OCTOBER 12, 2004.

*Brennan, Harris & Rominger, Travis D. Windsor, Steven E. Scheer,* for appellant.

*Spencer Lawton, Jr.,* District Attorney, *Sarah L. Moorhead,* Assistant District Attorney, for appellee.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

