## A05A0903. BERRY v. THE STATE.

(619 SE2d 339)

BLACKBURN, Presiding Judge.

Following a bench trial, Robert Z. Berry appeals his conviction for driving under the influence ("DUI"), contending that: (1) the evidence was insufficient to support the verdict; and the trial court erred by denying his motion to suppress evidence because (2) he was stopped without reasonable, articulable suspicion; and (3) he was arrested without probable cause. For the reasons set forth below, we affirm.

1. Berry contends that the evidence was insufficient to support the verdict against him. We disagree.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Berry] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Warren v. State.*[1]

Viewed in this light, the record shows that, in a prior incident occurring in the early morning hours of April 17, 2003, Sergeant Michael Yager stopped Berry for speeding. When Sergeant Yager approached Berry on this prior occasion, he noticed that Berry's face was red and his eyes were watery and bloodshot. When asked, Berry said that he had consumed no alcohol that night, despite the fact that he was unsteady on his feet. Berry next submitted to an alco-sensor test, and the result was positive for alcohol consumption. Afterward, Berry refused to submit to either field sobriety tests or a state-administered breath test. Based on this prior incident, Berry was convicted of DUI less safe after he pled guilty to the crime.

The traffic stop which forms the basis of the present appeal occurred on December 13, 2003, on the same road and at almost the same time of the morning as the prior stop. On this occasion, Sergeant Yager clocked Berry driving ten mph over the speed limit, and, as a result, he decided to stop Berry. When Sergeant Yager approached the car, he recognized Berry from the prior DUI stop.

---

[1] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).

Upon Sergeant Yager's request for his license, Berry handed him the limited DUI driver's permit he had been issued. At that time, as on the previous stop, Sergeant Yager noticed that Berry's face was reddened and sweaty, his eyes were watery and glassy, and he exuded the strong odor of an alcoholic beverage. Sergeant Yager also noticed beer bottles in the floorboard of the back seat of the car, and one of the bottles was approximately three-quarters empty.

Sergeant Yager then asked Berry to step out of the car, and he observed that Berry swayed, staggered, and was unsteady on his feet. As he had done in the prior incident, Berry told Sergeant Yager that he had not been drinking. But, unlike the prior incident, Berry refused an alco-sensor test. Berry also refused to agree to any field sobriety tests. Sergeant Yager then arrested Berry and read his implied consent rights to him. Thereafter, Berry also refused to submit to a state-administered chemical test of his breath.

In this case, Sergeant Yager had a prior experience with Berry in which he observed Berry in a state in which he was admittedly less safe to drive. As a result, Sergeant Yager knew exactly how Berry looked and acted when intoxicated. Based on his prior knowledge of Berry's demeanor and appearance in such a state coupled with his demeanor on the night of the second stop, this evidence was sufficient to support Berry's conviction. See *Jackson v. Virginia.*[2]

2. Berry contends that the trial court erred by denying his motion to suppress because he was stopped without the prerequisite reasonable, articulable suspicion. Specifically, Berry contends that, because he was traveling only ten mph over the speed limit, he had not committed a moving violation based on the language of OCGA § 40-14-8.

When reviewing the grant or denial of a motion to suppress, we apply the clearly erroneous standard.

> In reviewing the denial of a motion to suppress or in limine, we apply the following three principles. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Punctuation omitted.) *Monas v. State.*[3]
OCGA § 40-14-8 (a) provides:

No county, city, or campus officer shall be allowed to make a case based on the use of any speed detection device, unless the speed of the vehicle exceeds the posted speed limit by more than ten miles per hour and no conviction shall be had thereon unless such speed is more than ten miles per hour above the posted speed limit.

Berry argues that, because he was traveling only ten mph above the posted speed limit, Sergeant Yager had no authority to stop him. This argument is misplaced. Although Berry correctly contends that he could not be convicted of a speeding offense in this case, nothing in OCGA § 40-14-8 (a) prevents an officer from stopping a speeding vehicle in order to warn the driver that he is exceeding the posted speed limit. Therefore, contrary to Berry's arguments, Sergeant Yager did have a legal reason to stop Berry, and the trial court did not err by denying his motion to suppress.

3. Berry contends, in the alternative, that the trial court erred by denying his motion to suppress because he was arrested without probable cause. Here, Berry argues that Sergeant Yager had no probable cause to arrest him for DUI less safe based on the lack of evidence that he was driving under the influence. As stated in Division 1, supra, the facts of this case are unique. The arresting officer had previously arrested Berry when he was admittedly DUI less safe on the same road at the same time of the morning. On the night of the subsequent arrest, Berry exhibited the same physical characteristics he had exhibited when he was admittedly DUI. In addition, open beer bottles were found in Berry's car. Under these circumstances, we cannot say that the trial court erred by denying Berry's motion to suppress.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JULY 29, 2005.

*Kevin G. Ryan,* for appellant.

---

[3] *Monas v. State,* 270 Ga. App. 50, 52 (2) (606 SE2d 80) (2004).

*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellee.