A05A1610. THOMAS v. THE STATE.
(625 SE2d 455)

BLACKBURN, Presiding Judge.

Following a bench trial, Wesley Phil Thomas appeals his convictions for trafficking in methamphetamine, possessing a weapon during commission of a felony, and possessing an open container of an alcoholic beverage while operating a vehicle, all of which were based on evidence obtained during a traffic roadblock at which he was stopped. He contends that the trial court erred in denying his motion to suppress the evidence resulting from the roadblock. We agree and reverse.

> In reviewing the denial of a motion to suppress . . . , we apply the following three principles. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Punctuation omitted.) *Monas v. State.*[1]

So viewed, the record shows that in the early morning hours, Corporal Shane Miller, a field patrol officer for the Loganville Police Department, met at a convenience store with other field patrol officers on his shift. While talking with the other field patrol officers at the convenience store, Corporal Miller decided to implement a roadblock for the purpose of checking drivers' licenses, proof of

---

[1] *Monas v. State*, 270 Ga. App. 50, 52 (2) (606 SE2d 80) (2004).

insurance, and seat belts. Corporal Miller and the other officers left the convenience store and drove to the selected roadblock location.

As Thomas approached the roadblock, he was stopped by Corporal Miller, who was working the roadblock. Corporal Miller smelled the odor of an alcoholic beverage coming from Thomas and his vehicle. Corporal Miller asked Thomas to pull over to an area away from traffic and asked Sergeant Fain to administer field sobriety tests to Thomas. As Sergeant Fain spoke to Thomas, Thomas informed him of the presence of handguns in his vehicle. The handguns were retrieved and a subsequent pat-down search revealed methamphetamine in Thomas's pocket. Thomas was placed under arrest and an inventory search of his vehicle revealed approximately 59 grams of methamphetamine. An open container of beer was found in the vehicle; however, the State does not rely upon this fact to authorize the search of Thomas or his vehicle.

Thomas contends that the evidence supporting his convictions should have been suppressed because the roadblock at which he was stopped was illegal. We agree.

> A roadblock is satisfactory where [(1)] the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; [(2)] all vehicles are stopped as opposed to random vehicle stops; [(3)] the delay to motorists is minimal; [(4)] the roadblock operation is well identified as a police checkpoint; and [(5)] the "screening" officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

*LaFontaine v. State.*[2] In accordance with *City of Indianapolis v. Edmond,*[3] the State must also show "that the roadblock program was implemented at the programmatic level for a legitimate primary purpose." *Hobbs v. State.*[4]

Thomas challenges the supervisory status of Corporal Miller and contends that he was an "officer in the field" and not an appropriate supervisor for purposes of authorizing the roadblock, as required by *LaFontaine.* We analyze this contention in light of prior precedent applicable to roadblocks.

As explained in *Baker v. State,*[5] stopping a vehicle at a roadblock is a seizure, only reasonable seizures are allowed by the Fourth

---

[2] *LaFontaine v. State,* 269 Ga. 251, 253 (3) (497 SE2d 367) (1998).

[3] *City of Indianapolis v. Edmond,* 531 U. S. 32 (121 SC 447, 148 LE2d 333) (2000).

[4] *Hobbs v. State,* 260 Ga. App. 115, 116 (1) (579 SE2d 50) (2003).

[5] *Baker v. State,* 252 Ga. App. 695, 697 (1) (556 SE2d 892) (2001).

Amendment, and seizures are usually unreasonable absent some individualized suspicion of a crime. Accordingly, courts have disapproved of roving patrols in which officers exercised unfettered discretion to stop drivers in the absence of some articulable suspicion. See, e.g., *United States v. Brignoni-Ponce*[6] ("[w]e are unwilling to let the Border Patrol dispense entirely with the requirement that officers must have a reasonable suspicion to justify roving-patrol stops").

An exception to the rule requiring individualized suspicion allows otherwise constitutional roadblocks which stop all drivers on a road for various purposes including screening for impaired drivers, see *Michigan Dept. of State Police v. Sitz*,[7] and checking drivers' licenses, see *Delaware v. Prouse*.[8] As a safeguard on roadblock practices, courts in Georgia have required that roadblocks be implemented by "supervisory personnel rather than the officers in the field." *LaFontaine*, supra at 253. Elevating the roadblock decision from the officers in the field to the supervisory level limits the exercise of discretion by the officers in the field. Therefore, the factors in *LaFontaine* "are not general guidelines but are minimum constitutional prerequisites" with which "perfunctory compliance" will not suffice.[9] *Baker*, supra at 701 (1).

In the case before us, the record shows that Corporal Miller, who was working as a patrol officer supervising the other officers on his shift, made the decision to implement the roadblock while he spoke with other officers at a convenience store immediately before implementing the roadblock itself. None of the department's administrative officers, which included a chief of police, assistant chief, and two lieutenants, participated in the decision. Corporal Miller was acting as an "officer in the field" at the time he made the decision to implement the roadblock. This is in direct contrast to the rule established in *LaFontaine*, supra at 252-253 (3), where the Supreme Court of Georgia approved a roadblock because the decision to implement was made by a state patrol supervisor who was not in the field.

The State argues that Corporal Miller had authority to implement the roadblock because he had been appointed to the position of shift supervisor by the chief of police, and he had conducted roadblocks before. However, there was no evidence that Corporal Miller

---

[6] *United States v. Brignoni-Ponce*, 422 U. S. 873, 882 (III) (95 SC 2574, 45 LE2d 607) (1975).

[7] *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444, 450 (110 SC 2481, 110 LE2d 412) (1990).

[8] *Delaware v. Prouse*, 440 U. S. 648, 663 (VII) (99 SC 1391, 59 LE2d 660) (1979).

[9] Prior cases have weighed the "totality of circumstances," but *Baker* clarified that this weighing is proper "only after it has been determined that the minimum constitutional standards" have been met. *Baker*, supra at 701 (1).

relied on any specific authorization, by the chief or otherwise, to conduct roadblocks. Moreover, because the police department had no manual or guidelines for implementing roadblocks, there was no implicit authority on which Corporal Miller could rely. Cf. *Harwood v. State*[10] (implementing officer's authority came from a department policy manual and an explicit authorization from his supervisor); *Brent v. State*[11] (construing *LaFontaine* and approving a roadblock where the decision to implement was made by a traffic supervisor pursuant to a policy manual and after a discussion with his commander). Therefore, Corporal Miller, an officer in the field, lacked appropriate authority to implement the roadblock.

The State's brief on appeal and the trial court's order denying the motion to suppress rely heavily on *Perdue v. State*[12] to support the contention that an authorizing supervisor may work as a field officer at a roadblock. *Perdue*, a two-judge opinion, is not binding precedent, and is not applicable here in any event. See Court of Appeals Rule 33. Unlike the present case, in *Perdue* the officer authorizing the roadblock was the head of the DUI Task Force for the City of Atlanta, and there was evidence of an explicit authorization from the chief of police for the officer to implement roadblocks. See *Perdue*, supra at 766 (1) (a). We do not hold that an authorizing supervisor may never be present or participate to any extent in a roadblock. However, here, there is no evidence that Corporal Miller was delegated any specialized programmatic authority (as was the head of the DUI Task Force) consistent with the purpose of the roadblock, or that he was explicitly authorized to implement roadblocks, or that any formal plan or policy was in place which did so. The actions of Corporal Miller and the other field officers at the scene are not competent evidence of purpose at the "programmatic level" under the facts of this case. See *Baker*, supra at 701 (1).

Similarly, this case is distinct from *Hobbs*, supra at 117 (1), in which we affirmed the legality of a roadblock where the supervising officer who authorized the roadblock ultimately stopped the defendant at the roadblock, because the supervising officer testified that "he goes to the location to supervise the other officers and that he takes no direct role unless the other officers are tied up with other motorists." Here, by contrast, there was no such evidence Corporal Miller authorized the roadblock from the field immediately prior to

[10] *Harwood v. State*, 262 Ga. App. 818, 819 (1) (a) (586 SE2d 722) (2003).
[11] *Brent v. State*, 270 Ga. 160 (510 SE2d 14) (1998).
[12] *Perdue v. State*, 256 Ga. App. 765, 768 (1) (a) (578 SE2d 456) (2002) (physical precedent only).

implementing it, and it appears from the record that Corporal Miller actively participated in all aspects of the roadblock as did the other field officers.

Based on the record before us, it is clear that Corporal Miller, a patrol officer supervising his shift, made the decision spontaneously in the field, without involvement of any other higher authority, and absent reliance on any specific authority or department policy for implementing roadblocks. "[I]n the absence of record evidence that the decision to establish the roadblock was made by anyone other than the officers in the field, the roadblock in question has certain characteristics of a roving patrol, namely, an appreciable risk of arbitrary basis for the [roadblock] decision." (Punctuation omitted.) *LaFontaine*, supra at 257. Therefore, based on the particular facts of this case, the trial court erred in denying defendant's motion to suppress. We reverse the trial court's order denying Thomas's motion to suppress. In light of our holding here, we need not reach Thomas's other enumerations of error.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED DECEMBER 5, 2005 —
RECONSIDERATION DENIED DECEMBER 21, 2005.

*Sexton & Morris, Lee Sexton, Joseph S. Key*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellee.