### A06A1903. BENNETT v. THE STATE.
#### (642 SE2d 212)

RUFFIN, Judge.

Following a bench trial, Steven Bennett was found guilty of driving under the influence of alcohol. In his sole enumeration of error on appeal, Bennett challenges the constitutionality of the roadblock during which his vehicle was stopped. According to Bennett, the unconstitutional roadblock warranted suppression of the evidence. As we find no constitutional infirmity, we affirm.

"In ruling on a motion to suppress, the trial court sits as the trier of fact, and the court's findings are analogous to a jury verdict and will

---

[1] 275 Ga. App. 33 (619 SE2d 752) (2005).
[2] See *Williams Gen. Corp. v. Stone*, 280 Ga. 631 (632 SE2d 376) (2006).

not be disturbed when the record contains any evidence to support those findings."[1] Accordingly, in reviewing a ruling on a motion to suppress, we construe the evidence in a light favorable to the trial court unless such findings are clearly erroneous.[2]

Viewed in this manner, the record reveals that on July 24, 2005, Lieutenant Mike Matics of the City of Decatur Police Department decided to implement a roadblock. According to Matics, his department was participating in a state-wide safety campaign during summer months called the "Hundred Days of Summer Heat." Thus, before the start of the evening shift, Matics informed officers under his supervision that a roadblock would be conducted that night if there were enough officers to support it. Matics selected the location for the roadblock based upon his knowledge that two DUI-related fatalities had occurred in the area.

The roadblock was conducted from 1:35 a.m. until 2:14 a.m., during which time two people were arrested for driving under the influence. Matics was present during the roadblock in a supervisory capacity. The roadblock was appropriately marked, and all cars that drove through the area were briefly stopped for investigative purposes. Matics further testified that police department policy was followed during the implementation of the roadblock.

For a roadblock to be valid, the evidence must show that: (1) a supervisor rather than field officers decided to implement the roadblock; (2) all vehicles were stopped; (3) any delay to motorists was minimal; (4) the roadblock was well identified as a police checkpoint; and (5) "the 'screening' officer's training and experience [were] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication."[3] Moreover, recent cases have made clear that the primary purpose of the roadblock must also be legitimate.[4]

On appeal, Bennett asserts that there was no competent evidence that the primary purpose of the roadblock was legitimate. Specifically, he argues that the only evidence of the purpose of the roadblock was impermissible hearsay regarding the "Hundred Days of Summer Heat" campaign. We disagree. Here, Matics clearly testified that he was a supervisor with the authority to order a roadblock, and such testimony alone is sufficient.[5] Moreover, Matics testified that he participated in metropolitan-wide staff meetings

[1] *McCray v. State*, 268 Ga. App. 84 (601 SE2d 452) (2004).

[2] See id.

[3] (Punctuation omitted.) *Baker v. State,* 252 Ga. App. 695, 696 (1) (556 SE2d 892) (2001).

[4] See id. at 698; *Harwood v. State*, 262 Ga. App. 818, 819 (1) (586 SE2d 722) (2003); *Giacini v. State*, 281 Ga. App. 426, 427 (1) (636 SE2d 145) (2006).

[5] See id. at 428.

regarding the campaign, and thus it follows that he would have been familiar with the policy behind it. On cross-examination, Matics conceded discussing the Summer Heat campaign with one of his superiors, which Bennett argues is impermissible hearsay. But the mere fact that the policy was set at a state-wide level does not mitigate Matics's independent authority as a police supervisor to implement a roadblock for a permissible purpose. Matics unequivocally testified that the purpose of the roadblock was to check for potential seatbelt infractions and DUI offenders, both of which are permissible purposes for a roadblock.[6] Under these circumstances, the trial court did not err in denying the motion to suppress on this basis.[7]

In a related argument, Bennett contends that the roadblock was constitutionally defective in that it was tantamount to a roving patrol. According to Bennett, notwithstanding Matics's rank as a lieutenant, he was essentially a shift supervisor who made a spur of the moment decision to implement a roadblock. Bennett cites *Thomas v. State*[8] for the proposition that such an ad hoc decision to institute a roadblock creates an impermissible roving patrol. Bennett's reliance upon this case is misplaced.

In *Thomas*, a field patrol officer met with other police officers in a parking lot during the middle of a shift and then decided to implement a police checkpoint. Given the lack of evidence that the officer had authority to implement a roadblock, this Court found it impermissible.[9] Here, unlike in *Thomas*, the evidence shows that Matics's decision to implement the roadblock was not a spur of the moment decision and that Matics had authority to order such checkpoint.[10] Although Matics testified that the actual implementation of the roadblock would depend upon the number of officers available to support it, we do not find that such a practical consideration transforms a pre-planned checkpoint into a roving patrol. It follows that the trial court did not err in denying Bennett's motion to suppress.[11]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2007.

*Jeremy E. Citron,* for appellant.

---

[6] See *Carson v. State*, 278 Ga. App. 501, 501-502 (629 SE2d 487) (2006).

[7] See *Giacini,* supra at 429.

[8] 277 Ga. App. 88 (625 SE2d 455) (2005).

[9] Id. at 91-92.

[10] See *Giacini,* supra.

[11] See id.

*Shawn E. LaGrua, Solicitor-General, LeRoya Chester Jennings, Assistant Solicitor-General*, for appellee.