A07A1742. GONZALEZ v. THE STATE.
(657 SE2d 617)

MILLER, Judge.

Jose A. Gonzalez appeals from his conviction for driving under the influence, asserting that the trial court erred in denying his motion to suppress the results of his breathalyzer test because they stemmed from an unconstitutional police roadblock. Discerning no error, we affirm.

When reviewing a ruling on a motion to suppress, where, as here, the evidence is uncontroverted and there exists no question regarding witness credibility, we review de novo the trial court's application of the law to the facts presented. *State v. Dymond*, 248 Ga. App. 582, 584 (546 SE2d 69) (2001).

The evidence presented at the motion to suppress hearing showed that in the early morning hours of May 17, 2006, the Henry County Police Department instituted a roadblock at the intersection of Highway 138 and Interstate 75 in Henry County. Sergeant Richard Harned, a squad supervisor in the uniform patrol division, authorized the roadblock for the purpose of ensuring that drivers had valid licenses and proof of insurance and that they were wearing seatbelts and were not impaired.

When Gonzalez stopped at the roadblock, Officer Robert Reddick noticed vomit on both the inside and outside of the driver's side door of Gonzalez's van and smelled alcohol on Gonzalez's breath. At Reddick's request, Gonzalez submitted to field sobriety testing. Several different tests were administered and, when Gonzalez failed them all, he was arrested. After a breathalyzer test administered to Gonzalez at the Henry County Jail showed that he had a blood alcohol level of 0.235, Gonzalez was charged with both DUI less safe and DUI per se, in violation of OCGA § 40-6-391 (a) (1) and (a) (5), respectively.

---

[24] See *Dunn*, supra; *Malcolm*, supra.

Prior to trial, Gonzalez moved to suppress all evidence obtained as a result of the roadblock, arguing that it was unconstitutional. Following a hearing on that motion, the trial court denied the same. Gonzalez then agreed to a stipulated bench trial, which resulted in his conviction. This appeal followed.

Gonzalez's sole enumeration of error is that the trial court erred in denying his motion to suppress, because the roadblock at issue violated the Fourth Amendment. We disagree.

For a police roadblock to satisfy the Fourth Amendment, the State must show that

> (1) the decision to implement the roadblock was made by supervisory personnel at "the programmatic level," rather than officers in the field, for a legitimate primary purpose; (2) all vehicles, rather than random vehicles, are stopped; (3) the delay to motorists is minimal; (4) the roadblock is well identified as a police checkpoint; and (5) the screening officer has adequate training to make an initial determination as to which motorists should be given field sobriety tests.

(Footnote omitted.) *Harwood v. State*, 262 Ga. App. 818, 819 (1) (586 SE2d 722) (2003).

On appeal, Gonzalez challenges only the trial court's finding that the roadblock satisfied the first of these criteria, which requires the State to prove "that the roadblock was ordered by a supervisor and implemented to ensure roadway safety rather than as a constitutionally impermissible pretext aimed at discovering general evidence of ordinary crime." (Citation and footnote omitted.) *Hobbs v. State*, 260 Ga. App. 115, 116 (1) (579 SE2d 50) (2003). Gonzalez argues that the State failed to meet this burden, because Sergeant Harned was a field officer who lacked the authority to order a roadblock, the roadblock violated Henry County's roadblock policy, and the roadblock lacked a legitimate primary purpose. Neither the record nor the applicable law, however, supports these assertions.

Sergeant Harned's unrefuted testimony established that he was a squad supervisor for his precinct and that pursuant to department policy he was authorized to decide when and where to establish a roadblock. This "uncontradicted testimony that [Harned] was a supervising officer authorized to order roadblocks was sufficient to establish that fact." *Harwood*, supra, 262 Ga. App. at 820 (1) (a). See also *Giacini v. State*, 281 Ga. App. 426, 428 (1) (636 SE2d 145) (2006) ("The uncontradicted testimony of the supervisor that he was a supervising officer authorized to implement roadblocks is sufficient to establish the fact.") (footnote omitted).

To refute this testimony, Gonzalez relies on this Court's decision in *Thomas v. State*, 277 Ga. App. 88 (625 SE2d 455) (2005). In that case, this Court found that a corporal, even though he supervised the other officers on his shift, was not acting as a supervisor when he made the decision to implement a roadblock. Id. at 90. Rather, he was acting merely as an "officer in the field," because he made that decision "while he spoke with other officers at a convenience store immediately before implementing the roadblock itself." Id. Additionally, "there was no evidence that [the officer] relied on any specific authorization, by the chief or otherwise, to conduct roadblocks. Moreover, because the police department had no manual or guidelines for implementing roadblocks, there was no implicit authority on which [he] could rely." Id. at 90-91.

Unlike the police corporal in *Thomas*, however, Harned testified that he alone made the decision to implement the roadblock at issue, independent of any officers in the field. Additionally, Harned's authority to implement the roadblock resulted from a roadblock policy promulgated by the police chief's office.

Gonzalez further argues that Harned could not be considered a supervising officer because he participated in the roadblock, rather than supervising it. We disagree.

Harned testified that although his primary duty was to oversee the roadblock, he did occasionally "step in" and participate when traffic backed up. The mere fact that Harned participated in the roadblock, however, is insufficient to transform him from a supervisor into a field officer. See *Hobbs*, supra, 260 Ga. App. at 117 (1) (fact that supervising officer who ordered the roadblock was also the officer who stopped defendant at the scene did not render the roadblock unconstitutional).

Gonzalez attempts to refute Harned's testimony that police department policy authorized him to order roadblocks by pointing to the Henry County Police Department's roadblock policy, as it existed in 2000. Under that policy, all roadblocks had to be approved in writing at least a week in advance. While Harned acknowledged the 2000 policy, he further testified that the policy was amended in 2002 and that such advance, written approval was no longer required at the time the roadblock was conducted.

Finally, we find no merit in Gonzalez's argument that the roadblock was unconstitutional because it lacked a legitimate primary purpose. Both Sergeant Harned and Officer Reddick testified that the purpose of the roadblock was to check for valid driver's licenses, proof of insurance, compliance with the seatbelt laws, and potentially impaired drivers. "Such a purpose has long been considered a valid purpose for a traffic roadblock." (Footnote omitted.) *Giacini*, supra, 281 Ga. App. at 429 (1). See also *Hobbs*, supra, 260 Ga. App. at 116-117

(1); *Ross v. State*, 257 Ga. App. 541, 542 (1) (573 SE2d 402) (2002); *Buell v. State*, 254 Ga. App. 456, 457 (562 SE2d 526) (2002).

In light of the foregoing, we find that the roadblock at issue was legal, and we affirm the trial court's order denying Gonzalez's motion to suppress evidence obtained as a result of that roadblock.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 8, 2008

*George C. Creal, Jr.*, for appellant.

*Charles A. Spahos, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.