**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 10, 2014**

# In the Court of Appeals of Georgia

A12A1785. JOHNSON v. THE STATE.

MCFADDEN, Judge.

In *Johnson v. State*, 320 Ga. App. 231 (739 SE2d 718) (2013), we affirmed the trial court's denial of a motion to suppress evidence seized pursuant to a roadblock, finding that, contrary to appellant Johnson's claim, there was evidence to support the finding that the decision to implement the roadblock was made by supervisory personnel. The Georgia Supreme Court remanded the case to us, with direction that we reconsider it in light of two subsequent opinions, *Brown v. State*, 293 Ga. 787 (750 SE2d 148) (2013), and *Williams v. State*, 293 Ga. 883 (750 SE2d 355) (2013). Having done so, we again find that because there is some evidence to support the trial court's ruling, it is not clearly erroneous and we thus affirm.

In *Brown*, the Supreme Court reaffirmed that in the case of *LaFontaine v. State*, 269 Ga. 251 (497 SE2d 367) (1998), it had identified five requirements that must be met for a roadblock to be upheld as constitutional.

> A roadblock is satisfactory where (1) the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; (4) the roadblock operation is well identified as a police checkpoint; and (5) the screening officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

*Brown*, supra at 793 (2) (b) (citation and punctuation omitted).

The Court further noted that two years after *LaFontaine*, the United States Supreme Court, in *City of Indianapolis v. Edmond*, 531 U. S. 32 (121SCt 447, 148 LE2d 333) (2000), "added another layer to the constitutional analysis" by holding that a checkpoint program must have "a primary purpose other than the general interest in crime control." *Brown*, supra at 794 (2) (c) (citation and punctuation omitted). "Thus, *Edmond* supplemented *LaFontaine's* requirements for the implementation and operation of a constitutionally valid checkpoint by adding the requirement of an inquiry into the primary purpose of the checkpoint program." Id. at 796 (2) (d) (footnote and emphasis omitted). As the Court noted, *Williams*, supra, decided on the

2

same day as *Brown*, "focus[ed] . . . on the *Edmond* requirement." *Brown*, supra at 788 n. 2.

The Court in *Brown* went on to explain that after *Edmond*, opinions from this court failed to recognize that *Edmond* had supplemented *LaFontaine's* five requirements, and instead they improperly conflated the *Edmond* requirement with the first *LaFontaine* requirement. Id. at 798 (2) (e). The Court held that to the extent "subsequent Court of Appeals' cases conflate these issues, those cases are disapproved." Id. at 799 (2) (e).

In summary, the Court explained that when a roadblock is challenged, the state must meet the *Edmond* requirement by

> show[ing] that the law enforcement agency's checkpoint program had an appropriate primary purpose other than ordinary crime control – a purpose examined at that programmatic level, rather than by trying to determine the motives of the supervisor who implemented and the officers who conducted the particular checkpoint at issue. The [s]tate must also prove that the particular checkpoint at which the defendant was stopped was properly implemented and operated – that the five requirements enumerated in *LaFontaine* were met.

Id. at 799-800 (2) (f) (citations omitted).

The instant case, like *Brown*, "involves no *Edmond* issue." Id. at 800 (3) (a). Appellant Johnson has not enumerated or argued that the law enforcement agency's

checkpoint program had an inappropriate primary purpose. Indeed, even if such an argument had been made, evidence presented at the suppression hearing shows that the checkpoint program of the sheriff's department in this case did not have a primary purpose of ordinary crime control; and instead had an appropriate purpose of utilizing checkpoints to verify compliance with traffic safety, licensing and insurance laws. See *Brown*, supra at 799 (2) (e) (traffic safety is an appropriately limited purpose for checkpoints). Regardless, this *Edmond* issue was not raised in the instant case; rather, as noted in our prior opinion, only the first *LaFontaine* factor was contested. *Johnson*, supra at 233 (1).

With regard to that factor, it is true that in listing all five of the *LaFontaine* requirements, we quoted from a case that did conflate the *Edmond* requirement with the first *LaFontaine* requirement. *Johnson*, supra at 233 (1). However, that merging of requirements in the quotation did not affect our analysis, which did not conflate the factors and instead focused only on the first *LaFontaine* requirement that the decision to implement the roadblock was made by supervisory personnel rather than officers in the field. As explained in our opinion:

> Sergeant David Martin gave unrefuted testimony that he is a unit supervisor, that he has been authorized by the sheriff and department policy to establish roadblocks, that he made the decision to implement

4

> this particular roadblock, and that he was the supervisor on the scene who set up the checkpoint and ordered all the other officers where to be and what to do. In addition, a deputy who participated in the roadblock testified that Sergeant Martin is a supervisor, that Sergeant Martin initiated the roadblock and that Sergeant Martin told him and others what to do during the roadblock. This uncontradicted testimony that Sergeant Martin was a supervising officer authorized to order roadblocks was sufficient to establish that fact. [Cits.]

*Johnson*, supra at 233 (1) (punctuation omitted). Indeed, under similar facts involving a sergeant who was a shift supervisor authorized to implement traffic safety checkpoints and who was on the scene of the checkpoint in question, the *Brown* court ruled that the sergeant qualified as "supervisory personnel" under *LaFontaine's* first requirement. *Brown*, supra at 800-802 (3) (b) (1). Accordingly, in this case, the trial court did not err in finding that the decision to implement the roadblock was made by a supervisor.

To the extent Johnson's argument can be construed as also claiming that the state failed to prove that Sergeant Martin made the decision to implement the checkpoint in advance while acting in a supervisory role, instead of while acting as an officer in the field, it is without merit. This is the very ground upon which the Court in *Brown* affirmed the trial court's grant of a motion to suppress, ruling that there was some evidence to support the trial court's finding that the sergeant in that

5

case had not acted in a supervisory role when implementing the checkpoint and thus it was unconstitutional. *Id.* at 802-804 (3) (b) (2). However, the instant case is in a different posture than the *Brown* case, since the trial court here did not *grant* the motion to suppress based on such a finding, and instead *denied* the motion to suppress by finding that the roadblock was constitutionally implemented by the supervising officer.

As the Supreme Court reiterated in *Brown*, on appeal from a trial court's ruling on a motion to suppress, this court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. *Id.* at 803 (3) (b) (2) (citations and punctuation omitted). So construed, the evidence shows that Sergeant Martin's shift started at 6:00 p.m. on April 29, 2011, that he decided to have the roadblock begin later that night at approximately 11:00 p.m., but that he did not know the exact time when he decided to implement the roadblock. However, Sergeant Martin testified that he was sure he told his deputies about his decision to implement the roadblock when they were eating dinner in the dining hall; that he told them they would go to a specific location in front of the high school for the roadblock between 11:00 p.m. and 12:00 a.m.; and that he told them to meet after dinner to load up the department's breath-alcohol-testing (BAT) trailer, which has an Intoxilyzer 5000

machine and jail cell in it, for use at the roadblock. In addition, a captain from the city police department testified that he was working a shift on April 29th that ended at midnight, and earlier that evening he was contacted by Sergeant Martin, who wanted the police department to be involved with the roadblock since it was going to be within the city limits.

Thus, when construed in favor of the judgment, the evidence shows that Sergeant Martin was not acting merely as an officer already in the field who made a spur-of-the-moment decision to conduct a roadblock. Rather, the evidence shows that at the start of an evening shift, before going into the field, while still at department headquarters with his deputies and while acting in his role as their supervisor, he made the decision to implement the roadblock. See *Bennett v. State*, 283 Ga. App. 581, 583 (642 SE2d 212) (2007) (supervisor's decision to implement roadblock not a spur-of-the-moment decision in the field). Compare *Thomas v. State*, 277 Ga. App. 88, 90-92 (625 SE2d 455) (2005) (patrol officer was acting as an officer in the field when he met with other officers in a convenience store parking lot and impermissibly decided to implement a checkpoint). And as the Supreme Court noted in *Brown*, "a checkpoint [is not] rendered unconstitutional solely because the supervisor who authorized the checkpoint later participates to some extent in the checkpoint

7

operation. [Cits.]" *Brown*, supra at 805 (3) (c) n. 15 (this court's prior opinion in the instant case was actually one of the cases cited as authority for this proposition). Accordingly, because there is evidence supporting the trial court's finding that the roadblock was authorized by a supervisor, we affirm the denial of the motion to suppress.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*