A02A0262. BUELL v. THE STATE.

(562 SE2d 526)

BARNES, Judge.

Colby Buell appeals his conviction of driving under the influence of alcohol, contending that the roadblock at which he was stopped and arrested was not established for a proper purpose, and thus his

seizure violated the Fourth Amendment.[1] Because the roadblock was proper, the trial court did not err in denying Buell's motion to suppress, and we affirm his conviction.

Buell argues that the evidence shows that this roadblock was set up to uncover general criminal activity, an unconstitutional purpose according to the U. S. Supreme Court in *City of Indianapolis v. Edmond*, 531 U. S. 32 (121 SC 447, 148 LE2d 333) (2000). In *Edmond*, the court found that a checkpoint to search for unlawful drug activity was not directly connected with a permissible interest in maintaining highway safety, but instead was impermissibly aimed at general crime control. The Fourth Amendment requires individualized suspicion of criminal activity to investigate general crimes, and therefore, the court held, the checkpoint in that case was unconstitutional.

In the case before us, the lieutenant testified that the officers at the roadblock were primarily focused on checking for safety violations. The protocol was for the officer to ask for the driver's license and proof of insurance, observe his responses, speech, face, eyes, and clothes, check for seat belts and child restraints if applicable, and then walk around the vehicle and check the headlights, tires, windshield, taillights, and tag.

While Buell argues that the lieutenant testified that the roadblock's purpose was general crime control, the lieutenant merely answered affirmatively when Buell asked on cross-examination: "So, and is it fair to say that a safety checkpoint is — the general interest in crime control?" Buell followed up with, "What we discussed as far as the purpose of the roadblock being the general interest in crime control, was that what was happening and that roadblock on that night when this Defendant was arrested?" On redirect, the lieutenant repeated his earlier testimony that the roadblock was primarily focused on traffic safety. Secondarily, the roadblock was conducted from midnight to 3:00 a.m. because more people drive under the influence at that time than earlier in the day.

"The use of a checkpoint for these purposes has been approved by the Supreme Court, which has acknowledged that these measures serve the states' interest in roadway safety." *Wrigley v. State*, 248 Ga. App. 387, 390 (2) (546 SE2d 794) (2001). The trial court did not err in denying Buell's motion to suppress evidence obtained as a result of the roadblock.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

---

[1] Based on this argument, no issue concerning the authorization for the roadblock is before us. See *Baker v. State*, 252 Ga. App. 695 (556 SE2d 892) (2001).

DECIDED MARCH 26, 2002.

*Head, Thomas, Webb & Willis, Jerry L. Webb, Jr.*, for appellant.
*Barry E. Morgan, Solicitor-General, William R. Pardue, Assistant Solicitor-General*, for appellee.