## A02A1608. BLACKBURN v. THE STATE.
### (570 SE2d 36)

JOHNSON, Presiding Judge.

Johnny Blackburn was indicted for possessing methamphetamine, possessing an open container of alcohol while operating a motor vehicle, and driving under the influence of drugs. Blackburn moved to suppress all evidence seized from him, arguing that it was obtained pursuant to an illegal roadblock. The trial court held a hearing on the motion and then denied Blackburn's motion. We granted Blackburn's application for interlocutory review, and we reverse the trial court's ruling because the state failed to meet its burden of presenting probative evidence that a supervising officer authorized the roadblock for a valid purpose.

A police roadblock is constitutional provided that, among other things, the decision to implement the roadblock was made by supervisory personnel rather than officers in the field.[1] Moreover, the supervisory officers must have a valid primary purpose for the roadblock other than merely seeking to uncover evidence of ordinary

---

[1] *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998).

criminal wrongdoing.[2] In establishing the lawfulness of a roadblock, the state has the burden of presenting some admissible evidence, testimonial or written, that supervisory officers decided to implement the roadblock, decided when and where to implement it, and had a legitimate primary purpose for it.[3]

In the instant case, the only evidence presented by the state regarding the roadblock came from the testimony of the state trooper who stopped Blackburn at the roadblock. He testified that a supervising corporal had authorized the roadblock to check licenses and sobriety. The corporal, however, did not testify, and there was no other evidence, written or testimonial, establishing that supervisory officers decided to implement the roadblock for a legitimate purpose.

The state trooper's testimony, to the extent the state relies on it to establish that the corporal decided to implement the roadblock and to establish the corporal's purpose, is hearsay.[4] Such hearsay, even if not objected to, proves nothing.[5] Because the state failed to introduce any probative evidence that a supervising officer authorized the roadblock for a legitimate purpose, the state has not shown that the roadblock was constitutional.[6] The trial court therefore erred in denying Blackburn's motion to suppress evidence seized pursuant to the roadblock.

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JULY 29, 2002.

*Robert R. McLendon IV*, for appellant.
*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[2] *City of Indianapolis v. Edmond*, 531 U. S. 32, 41-42 (121 SC 447, 148 LE2d 333) (2000); *Baker v. State*, 252 Ga. App. 695, 698 (1) (556 SE2d 892) (2001).

[3] *Baker*, supra at 701-702.

[4] OCGA § 24-3-2; *Baker*, supra at 699.

[5] *Baker*, supra.

[6] Compare *Perdue v. State*, 256 Ga. App. 765, 766 (1) (a) (578 SE2d 456) (2002) (supervising officer testified that he ordered roadblock for an intersection that had previously been a good site for detecting impaired drivers).