A02A1433. THE STATE v. AYERS.
(570 SE2d 603)

ANDREWS, Presiding Judge.

The State appeals from the trial court's order granting Maranda Ayers's motion in limine to suppress evidence gathered after Ayers was stopped at a roadblock. The trial court found that the roadblock's purpose was general law enforcement, which is constitutionally impermissible. We agree and affirm.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that a substantial basis existed for the decision. Evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility of the

---

[13] *Wynn v. State*, 228 Ga. App. 124, 128 (3) (a) (491 SE2d 149) (1997).
[14] See id.

witnesses are adopted unless they are clearly erroneous. Further, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them.

*Hayes v. State*, 249 Ga. App. 857, 863 (5) (549 SE2d 813) (2001).

At the hearing on Ayers's motion to suppress, the officer who set up the roadblock testified as follows: "The license safety checkpoint allows us to check mass quantities of vehicles at one location so that — and we enforce all of the laws of the state of Georgia and the county ordinances." Defense counsel asked: "What I wanted to focus on is, is what you're saying is that the means of enforcing the law is setting up the license checkpoint; but the purpose of the roadblock is general law enforcement?" The officer answered: "Absolutely. There's no — there are no specific reasons that we stop and check. We check everything, license, insurance. We walk around behind and check the tag. Of course, we talk to the people."

At another point, the officer testified:

Answer: I don't know what you mean by setting the purpose of it. The purpose is to enforce the laws.
Question: General law enforcement?
Answer: Every law. It doesn't matter. . . .
Question: And the primary purpose of this checkpoint was not just licenses?
Answer: That's correct.
Question: It was general law enforcement?
Answer: It was — yes. Enforce all the laws of the state of Georgia. . . .
Question: The primary purpose of this roadblock though, if I understand —.
Answer: To enforce the laws of the state of Georgia. . . .
Question: You did not pick out any particular primary purpose other than general law enforcement?
Answer: Nope.

In light of the officer's testimony as set out above, we conclude that there was sufficient evidence to support the trial court's finding that the purpose of the roadblock was general law enforcement.

The Fourth Amendment requires that searches and seizures be reasonable. A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing. *Chandler v. Miller*, 520 U. S. 305, 308 [(117 SC 1295, 137 LE2d 513)] (1997). While such suspicion is not an "irreducible" component of reasonableness, [*United States v.*]

*Martinez-Fuerte*, 428 U. S. [543,] 561 [(96 SC 3074, 49 LE2d 1116) (1976)], we have recognized only limited circumstances in which the usual rule does not apply. For example, we have upheld certain regimes of suspicionless searches where the program was designed to serve "special needs, beyond the normal need for law enforcement."

*City of Indianapolis v. Edmond*, 531 U. S. 32, 37 (II) (121 SC 447, 148 LE2d 333) (2000).

In *Edmond*, the Supreme Court discusses instances in which it has upheld or approved roadblocks for certain purposes, among which are: checkpoints designed to intercept illegal aliens, sobriety checkpoints to remove drunk drivers from the road, checkpoints to verify driver's licenses and vehicle registrations, and emergency checkpoints to prevent an imminent terrorist attack or to catch a dangerous criminal who is likely to flee by way of a particular route. *Edmond*, 531 U. S. at 37, 44. But, *Edmond* goes on to state: "We have never approved a checkpoint program whose primary purpose was to detect evidence of ordinary criminal wrongdoing. Rather, our checkpoint cases have recognized only limited exceptions to the general rule that a seizure must be accompanied by some measure of individualized suspicion." Id. at 41 (III).

*Wrigley v. State*, 248 Ga. App. 387 (546 SE2d 794) (2001), cited by the State, is not to the contrary. As this Court explained in *Baker v. State*, 252 Ga. App. 695, 700 (1) (556 SE2d 892) (2001), "*Wrigley* comports with *Edmond* because the error asserted was an allegedly improper purpose for the roadblock, detecting general criminal wrongdoing. [Nevertheless, w]e upheld the validity of the roadblock because the record revealed that its primary purpose was to check driver's licenses and insurance cards." Id.

In the case at bar, there was sufficient evidence, as discussed above, to support the trial court's findings that the officers' primary purpose in setting up the roadblock was general law enforcement. Because general law enforcement is not a valid primary purpose, the roadblock violated the Fourth Amendment. Accordingly, the trial court correctly granted Ayers's motion to dismiss.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 21, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Assistant Solicitors-General*, for appellant.
*Chestney-Hawkins Law Firm, Michael M. Hawkins*, for appellee.