A04A0241. MORRIS v. THE STATE.
(593 SE2d 360)

BLACKBURN, Presiding Judge.

Following his indictment for driving under the influence of alcohol, James Dennis Morris, in this interlocutory appeal, contends that the trial court erred by denying his motion to suppress all evidence of his intoxication seized from him as a result of being stopped at an illegal roadblock. Specifically, Morris contends that the State failed to meet its burden of providing probative evidence that a supervising

---

[2] 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[3] *Means*, supra at 421 (1).

officer initiated the roadblock for a valid purpose. For the reasons set forth below, we reverse.

The record shows that the responsible supervisor for the roadblock in this case did not testify. Instead, two field officers took the stand and stated that their supervisor established the roadblock for the legitimate purpose of checking insurance and seat belt use. This testimony was hearsay and had no probative value. No probative evidence whatsoever was provided which would show that the supervisor properly established the roadblock in this case for a legitimate purpose. Under these facts, Morris's motion to suppress should have been granted.

This case is controlled by *Blackburn v. State*[1] and *Baker v. State*.[2] In *Blackburn*, supra at 800-801, we explained:

> A police roadblock is constitutional provided that, among other things, the decision to implement the roadblock was made by supervisory personnel rather than officers in the field. *LaFontaine v. State*.[3] Moreover, the supervisory officers must have a valid primary purpose for the roadblock other than merely seeking to uncover evidence of ordinary criminal wrongdoing. *City of Indianapolis v. Edmond*;[4] *Baker*[, supra at 698 (1)]. In establishing the lawfulness of a roadblock, the state has the burden of presenting some admissible evidence, testimonial or written, that supervisory officers decided to implement the roadblock, decided when and where to implement it, and had a legitimate primary purpose for it. *Baker*, supra at 701-702. In the instant case, the only evidence presented by the state regarding the roadblock came from the testimony of the state trooper who stopped Blackburn at the roadblock. He testified that a supervising corporal had authorized the roadblock to check licenses and sobriety. The corporal, however, did not testify, and there was no other evidence, written or testimonial, establishing that supervisory officers decided to implement the roadblock for a legitimate purpose.

Because no probative evidence of the supervisor's purpose was introduced in *Blackburn*, only the hearsay evidence provided by the field

---

[1] *Blackburn v. State*, 256 Ga. App. 800 (570 SE2d 36) (2002).

[2] *Baker v. State*, 252 Ga. App. 695 (556 SE2d 892) (2001).

[3] *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998).

[4] *City of Indianapolis v. Edmond*, 531 U. S. 32, 41-42 (121 SC 447, 148 LE2d 333) (2000).

officers, we reversed the trial court's denial of the defendant's motion to suppress.

Similar to the facts in *Blackburn*, in this case the responsible supervisor for the roadblock did not testify, and the State provided no other probative evidence to show that the supervisor properly established the roadblock in this case for a legitimate purpose.

> [T]o the extent the state relies on [the field officers' testimony] to establish that the [supervisor] decided to implement the roadblock and to establish the [supervisor's] purpose, [it] is hearsay. OCGA § 24-3-2; *Baker*, supra at 699. Such hearsay, even if not objected to, proves nothing. [Id.] Because the state failed to introduce any probative evidence that a supervising officer authorized the roadblock for a legitimate purpose, the state has not shown that the roadblock was constitutional. Compare *Perdue v. State*[5] (supervising officer testified that he ordered roadblock for an intersection that had previously been a good site for detecting impaired drivers). The trial court therefore erred in denying [Morris's] motion to suppress evidence seized pursuant to the roadblock.

Id. at 801.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED JANUARY 15, 2004.

*Jay, Sherrell, Smith & Braddy, Robert E. Sherrell*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[5] *Perdue v. State*, 256 Ga. App. 765, 766 (1) (a) (578 SE2d 456) (2002).