## A03A2265. COOK v. THE STATE.
(594 SE2d 708)

RUFFIN, Presiding Judge.

A jury found Christopher E. Cook guilty of driving under the influence. Cook appeals, asserting, among other things, that the trial court erred in denying his motion to suppress all evidence obtained as a result of an allegedly impermissible roadblock. For reasons that follow, we reverse.

1. In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for its decision.[1] Since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them.[2]

At the hearing on the motion to suppress, the arresting officer, Donald Gibson, testified that he was on duty during a roadblock in Carroll County. Gibson testified that the roadblock had been authorized by his supervisor and that its purpose was to check drivers for their license and proof of insurance. Gibson's supervisor did not testify.

Gibson first noticed Cook as he approached the roadblock. Cook slowed his truck almost to a stop, then sped up and "pulled on up to the road check." As Gibson approached the vehicle, he noticed beer cans and a beer bottle in the vehicle, and he smelled alcohol. He also observed that Cook's eyes were red and watery, and he asked Cook if

---

[1] See *State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1985).
[2] See id.

he would take an alco-sensor test. Cook initially denied having had anything to drink, but after he tested positive for alcohol, he admitted that he had had "two or three" beers. Gibson also administered several field sobriety tests and concluded that Cook was under the influence of alcohol. He then placed Cook under arrest.

Prior to trial, Cook filed a motion to suppress, arguing that all of the State's evidence was obtained pursuant to an illegal roadblock. Following a hearing, the trial court denied the motion.

On appeal, Cook asserts that the trial court erred in denying his motion to suppress because the State failed to introduce any probative evidence that a supervising officer authorized the roadblock for a legitimate purpose. We agree.

This case is controlled by *Blackburn v. State*.[3] In that case, we explained:

> A police roadblock is constitutional provided that, among other things, the decision to implement the roadblock was made by supervisory personnel rather than officers in the field. Moreover, the supervisory officers must have a valid primary purpose for the roadblock other than merely seeking to uncover evidence of ordinary criminal wrongdoing. In establishing the lawfulness of a roadblock, the state has the burden of presenting some admissible evidence, testimonial or written, that supervisory officers decided to implement the roadblock, decided when and where to implement it, and had a legitimate primary purpose for it. In the instant case, the only evidence presented by the state regarding the roadblock came from the testimony of the state trooper who stopped Blackburn at the roadblock. He testified that a supervising corporal had authorized the roadblock to check licenses and sobriety. The corporal, however, did not testify, and there was no other evidence, written or testimonial, establishing that supervisory officers decided to implement the roadblock for a legitimate purpose.[4]

Because no probative evidence of the supervisor's purpose was introduced in *Blackburn*, only the hearsay evidence provided by the field officer, we reversed the trial court's denial of the defendant's motion to suppress.[5]

In the instant case, similar to the facts in *Blackburn*, the supervisor responsible for the roadblock did not testify, and the State pro-

---

[3] 256 Ga. App. 800 (570 SE2d 36) (2002).
[4] (Footnotes omitted.) Id. at 800-801.
[5] Id. at 801.

vided nothing other than the hearsay evidence of the arresting officer to show that the supervisor properly established the roadblock in this case for a legitimate purpose. Under these facts, Cook's motion to suppress should have been granted.[6] Accordingly, we reverse.

2. Given our decision in Division 1, Cook's remaining enumerations of error are moot.

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 10, 2004.

*Ellis C. Smith*, for appellant.
*Stephen J. Tuggle, Solicitor-General*, for appellee.