## A06A1441. CATER v. THE STATE.
(635 SE2d 246)

SMITH, Presiding Judge.

Charlie Cater was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. He was sentenced as a recidivist to 30 years with 12 years to serve. Cater appeals, arguing that the trial court erred in denying his motion to suppress and erred in finding that he received effective assistance of counsel. Finding these arguments to be without merit, we affirm.

1. Cater first argues that the trial court should have granted his motion to suppress because the evidence was obtained by police while conducting an illegal roadblock. "In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for its decision. Since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them." (Citations and footnotes omitted.) *Cook v. State*, 265 Ga. App. 491 (1) (594 SE2d 708) (2004).

The evidence presented at the hearing on the motion to suppress showed that members of the DeKalb County Police Strike Force executed a search warrant on a residence and began securing the surrounding area. Once the area was secured, the strike team supervisor instructed a lieutenant to set up a roadblock or "safety check" near the residence to check for drivers' licenses, seat belts, and vehicle registrations. Cater was stopped at the roadblock and an officer asked him for his license and insurance. When Cater moved to retrieve this information, the officer noticed marijuana seeds and stems on the floorboard. The officer asked Cater to step out of the vehicle and then summoned a drug sniffing dog. The dog twice alerted to the presence of drugs on the driver's door. Once inside the vehicle, the dog alerted near the center console. The officer pulled back a loose panel under the dashboard where he discovered empty sandwich bags, a scale, and plastic bags containing what appeared to be marijuana and cocaine. In a search incident to Cater's arrest, officers found more than $500 in cash in Cater's pocket.

Cater challenges the purpose of the roadblock. "It has been held that police officials may set up highway roadblocks for the purpose of requiring motorists to display their driver's license, and that such a practice does not invade their right to use the public ways free from unreasonable and unwarranted interception." (Citations and punctuation omitted.) *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367) (1998).

A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as

opposed to random vehicle stops; the delay to motorists is minimal; [and] the roadblock operation is well identified as a police checkpoint.

(Citation omitted.) Id. at 253 (3); see *Carson v. State,* 278 Ga. App. 501, 502 (629 SE2d 487) (2006).

At the hearing on the motion to suppress, the supervisor testified that rather than have the strike team officers "stand around near the location," he told the lieutenant "to go ahead and conduct a . . . safety check so that they would actually have a function while the detectives are actually conducting the search." He testified further that "it's a better utilization of manpower to have them actually performing a police function and in this instance that was a safety check as opposed to just having them stand around while these other . . . officers . . . processed the scene." Cater argues that "the arbitrary desire to keep officers busy" is not a sufficient purpose to justify a roadblock. Even though the supervisor decided to implement the roadblock to give the officers a duty, however, the undisputed evidence showed that the primary purpose of the roadblock was to check for drivers' licenses, seat belts, and vehicle registrations. There was no evidence presented to show that the purpose of the roadblock was general law enforcement, which has been held an improper purpose. Compare *State v. Morgan,* 267 Ga. App. 728, 732 (600 SE2d 767) (2004) (testimony showed primary purpose of roadblock was to check for "any criminal activity").

Here, the decision to implement the roadblock was made by a supervisor. And although the specific location of the roadblock was left to the discretion of the lieutenant, the supervisor instructed him to set up the roadblock near the residence. Further, all vehicles were stopped in both directions, officers wore either strike force uniforms or patrolman uniforms, some with yellow and black luminescent vests with police written on them, five or six marked police cars were present with lights flashing, and drivers were detained for only a few seconds while officers checked their information. Under these circumstances, the roadblock was valid and the trial court did not err in denying Cater's motion to suppress on this ground. See *Carson,* supra, 278 Ga. App. at 502-503.

2. Cater argues that he received ineffective assistance of counsel. He first contends that trial counsel failed to discuss the possibility of a plea or engage in plea negotiations with the State. Second, he argues that trial counsel failed to advise him of the consequences of being sentenced as a recidivist. And third, he charges that trial counsel failed to advise him of the consequences of a speedy trial demand. To prevail on a claim of ineffective assistance of counsel, Cater must show that counsel's performance was deficient and that

the deficient performance so prejudiced him that there is a reasonable likelihood that but for counsel's error, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "We will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless the ruling is clearly erroneous." (Citations and footnote omitted.) *Goldsby v. State*, 273 Ga. App. 523, 529 (5) (615 SE2d 592) (2005).

Cater's first claim of ineffective assistance fails because the evidence showed that the State never made a plea offer to Cater. And "where no plea offer was ever made by the [S]tate, counsel's failure to initiate plea negotiations was not deficient professional conduct." (Citation and footnote omitted.) *Goldsby*, supra, 273 Ga. App. at 529 (5); see *Thomas v. State*, 274 Ga. 156, 164-165 (10) (549 SE2d 359) (2001) (no showing of deficiency or prejudice when defendant failed to present evidence of existence of uncommunicated plea offer or that he would have accepted one were it offered). Here, the assistant district attorney had a great deal of confidence in his case and was not interested in negotiating a plea.

With regard to Cater's second and third claims of ineffective assistance, trial counsel testified that he did not recall specifically whether he discussed a demand for speedy trial with Cater, or whether he advised Cater of the consequences of being sentenced as a recidivist. Trial counsel did state, however, that he discussed the case with Cater on many occasions and that it would be "unthinkable not to discuss the indictment with" him. Moreover, the trial transcript shows that Cater was present when the prosecutor commented that Cater was "looking at a minimum 10-year sentence. He's looking at a recidivist, no parole sentence." Although Cater testified that trial counsel did not discuss these issues with him, Cater's credibility was a matter for the trial court's discretion. See *Harper v. State*, 232 Ga. App. 224, 226 (2) (a) (501 SE2d 591) (1998). Cater has failed to show harm here, in other words, that the outcome of the trial would have been different but for trial counsel's alleged errors.

As Cater has failed to satisfy both prongs of the *Strickland* test for each of his claims of ineffective assistance, these claims must fail.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2006 ▮

*King, King & Jones, David H. Jones, Martin D. Marshall*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.