A06A2377. WRIGHT v. THE STATE.
(641 SE2d 605)

JOHNSON, Presiding Judge.

After being stopped at a police roadblock in Spalding County, Brannen Wright was charged by accusation with driving under the influence of alcohol and possessing an open container of alcohol while operating a motor vehicle. Wright filed a motion to suppress evidence, arguing, among other things, that the roadblock was unlawful. The trial court denied the motion to suppress, after which Wright was tried before the judge sitting without a jury.

At the bench trial, Wright and the state stipulated that the evidence would show that when Wright was stopped at the roadblock there was a strong odor of alcohol about him, his eyes were red and watery, he admitted having drunk three beers, he tested positive for the presence of alcohol on an alco-sensor, and an intoximeter test showed Wright's blood alcohol level to be 0.147. Based on the stipulated facts, the trial court found Wright guilty of driving under the influence of alcohol, entered an order of nolle prosequi on the open container charge, and sentenced Wright to 12 months of probation.

Wright appeals, arguing that the trial court's denial of his motion to suppress should be reversed because there is insufficient evidence to support the findings that the decision to implement the roadblock was made by supervisory personnel and that the roadblock was set up for a legitimate purpose. The argument is without merit.

> A police roadblock is constitutional provided that, among other things, the decision to implement the roadblock was made by supervisory personnel rather than officers in the field. Moreover, the supervisory officers must have a valid primary purpose for the roadblock other than merely seeking to uncover evidence of ordinary criminal wrongdoing. In establishing the lawfulness of a roadblock, the state has the

burden of presenting some admissible evidence, testimonial
or written, that supervisory officers decided to implement
the roadblock, decided when and where to implement it, and
had a legitimate primary purpose for it.[1]

In the instant case, the state presented Sergeant Horace Wilburn
of the Georgia State Patrol, who testified that he is the supervisor of
all road troopers for Post 1 in the City of Griffin. Sergeant Wilburn
further testified that under Georgia State Patrol policy he has the
authority to authorize roadblocks in Spalding County, and that he in
fact authorized the roadblock at which Wright was stopped. Accord-
ing to Sergeant Wilburn's testimony, the purpose of the roadblock was
to check for driver's licenses, proof of insurance, seat belt violations,
driver impairment and vehicle safety compliance.

The state also introduced a document entitled "Georgia State
Patrol Supervisory Initiation of Roadblock Approval Form." That
form, which was completed and signed by Sergeant Wilburn, provides
that the purpose for the roadblock is to check for driver's licenses,
insurance, registration, seat belt compliance, driver impairment and
vehicle safety compliance.

In addition, the state presented testimony from State Trooper
John Wynn, the screening officer at the roadblock. Trooper Wynn
confirmed that the purpose of the roadblock was to check for driver's
licenses, insurance, vehicle registration, driver impairment, seat belt
violations and vehicle safety compliance.

When reviewing a trial court's decision on a motion to
suppress, this court's responsibility is to ensure that a
substantial basis existed for the decision. Evidence is con-
strued most favorably to uphold the findings and judgment,
and the trial court's findings on disputed facts and credibil-
ity of the witnesses are adopted unless they are clearly
erroneous. Further, because the trial court is the trier of fact,
its findings are analogous to a jury verdict and will not be
disturbed if any evidence supports them.[2]

Based on the testimony of the witnesses, as well as the roadblock
approval form introduced by the state, there clearly is sufficient
evidence to support the trial court's findings that the decision to
implement the roadblock was made by Sergeant Wilburn, a supervi-
sory officer, and that the roadblock had the proper purpose of being a

---

[1] (Footnotes omitted.) *Blackburn v. State*, 256 Ga. App. 800, 800-801 (570 SE2d 36) (2002).
[2] (Citation omitted.) *State v. Ayers*, 257 Ga. App. 117-118 (570 SE2d 603) (2002).

checkpoint for driver's licenses, proof of insurance and other violations of Georgia law.[3] The trial court therefore did not err in denying Wright's motion to suppress evidence.[4]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 1, 2007.

*Virgil Brown & Associates, Larkin M. Lee, Brent D. Hutchison,* for appellant.

*Griffin E. Howell III, Solicitor-General,* for appellee.

---

[3] *Lutz v. State*, 274 Ga. 71, 74 (3) (548 SE2d 323) (2001).
[4] See *Dale v. State*, 267 Ga. App. 897, 898-899 (600 SE2d 763) (2004).