## A07A1381. YINGST v. THE STATE.
(650 SE2d 746)

RUFFIN, Judge.

James Yingst was found guilty of driving under the influence of alcohol ("DUI"). On appeal, he argues that the trial court erred in finding that the roadblock at which he was stopped was constitutional and in denying his motion to suppress. Finding no error, we affirm.

In an appeal from the denial of a motion to suppress, we conduct a de novo review of the trial court's application of the law to the facts.[1] If, however, "the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal."[2] Yingst stipulated that he was stopped at a roadblock in Henry County on December 24, 2005 and, after performing field sobriety tests, he was arrested for DUI. He filed a motion to suppress challenging the legality of the roadblock, which was heard on July 25, 2006. At this hearing, the State did not call Lieutenant Ferguson, the officer who authorized the roadblock, as a witness, but instead relied on testimony by another officer with supervisory authority who was present for but had not organized the roadblock. The trial court granted Yingst's motion to suppress, but subsequently allowed the State to reopen the evidence and held another hearing on October 17, 2006.

At the October 17 hearing, Major Mathis of the Henry County Police Department testified about the roadblock at which Yingst was stopped. Major Mathis stated that the roadblock was part of the "Zero Tolerance" campaign put on by the Department of Highway Safety throughout the state in December 2005. Major Mathis confirmed that he was Lieutenant Ferguson's direct supervisor and had authorized him to set up roadblocks.[3] The trial court admitted into evidence a certified copy of a document entitled "Henry County Police Department Roadblock & Safety Checkpoint Record" dated December 24, 2005, which had been signed by both Lieutenant Ferguson and Major Mathis. Major Mathis indicated that this was a form document routinely submitted when a roadblock took place. It stated the date, time, and location of the roadblock, and indicated that the decision to execute the roadblock was made by Lieutenant Ferguson and that its purpose was "OZT." Major Mathis testified that "OZT" meant the "Zero Tolerance" campaign, during which license and safety checks

---

[1] See *Slayton v. State*, 281 Ga. App. 650 (1) (637 SE2d 67) (2006).

[2] Id. at 651.

[3] Lieutenant Ferguson was in Iraq at the time of the hearing.

would be conducted at roadblocks. Following the second hearing, the trial court denied Yingst's motion to suppress, finding sufficient evidence that the roadblock was implemented by a supervisor authorized to do so for a valid purpose.

In order to pass constitutional muster, a roadblock must: (1) have been implemented for a legitimate primary purpose by supervisory personnel; (2) involve stopping all vehicles; (3) result in minimal delay to motorists; (4) be clearly identified as a police checkpoint; and (5) be manned by officers sufficiently trained to determine whether motorists should be given field sobriety tests.[4] Yingst challenges the first requirement on appeal, arguing that "all of the evidence before the [trial court] regarding the primary purpose of the roadblock was hearsay."

It is the State's burden to present "some admissible evidence, testimonial or written, that supervisory officers decided to implement the roadblock, decided when and where to implement it, and had a legitimate primary purpose for it."[5] Pretermitting whether the testimony of other officers as to Lieutenant Ferguson's purpose in initiating the specific roadblock is hearsay,[6] in this instance, the State also presented documentary evidence of Lieutenant Ferguson's purpose. The "Henry County Police Department Roadblock & Safety Checkpoint Record" was properly admitted by the trial court as a business record, as a witness familiar with the method of keeping such records testified that it had been made in the regular course of business at the time the roadblock took place.[7] The document contained only "routine facts whose accuracy is not affected by bias, judgment, and memory."[8] It showed the primary purpose of the roadblock was "OZT," and the trial court could consider Major Mathis's testimony that this indicated participation in the "Zero Tolerance" campaign, as Major Mathis had personal knowledge of the campaign and what it entailed.[9] We have previously found that roadblocks held as part of a state-wide safety campaign are constitutionally permissible.[10] We conclude that, under these unique circumstances, there was sufficient evidence to support the trial court's finding that the

---

[4] See *Gamble v. State*, 283 Ga. App. 326, 327 (3) (641 SE2d 556) (2007).

[5] *Morris v. State*, 265 Ga. App. 186, 187 (593 SE2d 360) (2004).

[6] See id. at 187-188; *Blackburn v. State*, 256 Ga. App. 800, 801 (570 SE2d 36) (2002); *Baker v. State*, 252 Ga. App. 695, 699 (1) (556 SE2d 892) (2001).

[7] See OCGA § 24-3-14 (b); *Tubbs v. State*, 283 Ga. App. 578, 580 (642 SE2d 205) (2007).

[8] (Punctuation omitted.) *Brown v. State*, 274 Ga. 31, 33 (1) (549 SE2d 107) (2001) (finding narrative portion of police report not admissible as a business record because narrative may contain opinion and reflect "human attitudes and emotions which are subjective in nature and susceptible to many interpretations").

[9] See *Glidewell v. State*, 279 Ga. App. 114, 119-120 (4) (630 SE2d 621) (2006).

[10] See *Bennett v. State*, 283 Ga. App. 581, 582-583 (642 SE2d 212) (2007).

roadblock was conducted for a legitimate purpose.[11] Accordingly, the trial court did not err in denying the motion to suppress.[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

## DECIDED JULY 31, 2007.

*Thomas S. Barton*, for appellant.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Tasha M. Mosley, Assistant Solicitors-General*, for appellee.

---

[11] See *Wright v. State*, 283 Ga. App. 393, 394-395 (641 SE2d 605) (2007).
[12] See id.