## A11A2008. HITE v. THE STATE.
(726 SE2d 704)

ADAMS, Judge.

Gary Todd Hite appeals his conviction on one count of driving under the influence of alcohol with an unlawful blood content (OCGA § 40-6-391 (a) (5)).[1] Hite's conviction arose after he was stopped on February 23, 2008, at approximately 3:30 a.m., by the Georgia State Patrol at a roadblock located on a ramp between Georgia 400 and Lenox Road. Arguing that the roadblock was unconstitutional, Hite

---

[1] The trial judge found Hite not guilty of driving under the influence of alcohol to the extent that it was less safe for him to drive (OCGA § 40-6-391 (a) (1)).

moved to suppress the evidence seized following his detention, but the trial court denied the motion. We affirm for the reasons set forth below.

On appeal from the denial of a motion to suppress, "when evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Punctuation and footnote omitted.) *Hammont v. State*, 309 Ga. App. 395, 396 (710 SE2d 598) (2011). Here, only the arresting officer testified at the motion hearing. Hite stipulated to this testimony for purposes of his bench trial and does not dispute the testimony on appeal. Because no credibility issues are presented, we will apply a de novo review in this case.

1. A trial court must consider five factors in determining whether a roadblock is lawful. *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998).[2] Only the first factor is at issue here: whether the State demonstrated that "the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field." Id. at 253 (3). This factor has been expanded in light of *City of Indianapolis v. Edmond*, 531 U. S. 32 (121 SC 447, 148 LE2d 333) (2000), to require "that the supervisors had a legitimate primary purpose." *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001). See also *Hobbs v. State*, 260 Ga. App. 115, 116 (1) (579 SE2d 50) (2003).

To establish a legitimate primary purpose in Hite's case, the State introduced, over objection, a certified copy of a "Department of Public Safety Supervisor Initiation of Roadblock Approval Form" (the "Roadblock Form") dated February 23, 2008. According to that document, the supervising officer, Sergeant Jeff Puckett, approved a roadblock during the approximate hours of 3:20 a.m. to 4:00 a.m. on February 23, 2008, on the Lenox Road ramp of Georgia 400 for the stated purposes of checking "Seatbelt compliance" and "Driver impairment." Puckett did not testify at the hearing, but the arresting officer, Trooper Walter Christian, testified that this was his understanding of the purposes for the roadblock.

---

[2] A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication. *LaFontaine v. State*, 269 Ga. at 253 (3).

Hite does not contend that the purposes stated on the Roadblock Form were not legitimate.[3] Rather, he asserts that the State was required to call Puckett as a witness because "the purpose behind the roadblock, and thus, its constitutionality, can only be conclusively discerned from probing the minds of the supervisory personnel that implemented the roadblock." He argues that the State's reliance on the Roadblock Form in the absence of the supervisor's testimony was insufficient because he was deprived of the opportunity to cross-examine the supervisor regarding the reasons for the roadblock.

This Court has previously rejected the proposition that a supervisor must testify in person to establish the purpose behind a roadblock. Rather, "the state must present some admissible evidence, testimonial *or written*, of the supervisor's purpose, i.e., purpose at the 'programmatic level.' " (Emphasis supplied.) *Baker*, 252 Ga. App. at 701 (1). Cf. *Rappley v. State*, 306 Ga. App. 531, 535 (b) (702 SE2d 763) (2010) (relying upon purpose stated in written order, along with supervisor's testimony). And in *Yingst v. State*, 287 Ga. App. 43, 44 (650 SE2d 746) (2007), this Court affirmed the denial of a motion to suppress where the only clearly non-hearsay evidence supporting the roadblock was "a certified copy of a document entitled 'Henry County Police Department Roadblock & Safety Checkpoint Record.' " Lieutenant Ferguson, the supervising officer who prepared the form and authorized the roadblock, did not testify at the motion hearing. Although two other officers — the arresting officer and Ferguson's supervisor — both testified, Yingst argued that their testimony was hearsay. The Court found that "[p]retermitting whether the testimony of other officers as to Lieutenant Ferguson's purpose in initiating the specific roadblock is hearsay, in this instance, the State also presented documentary evidence of Lieutenant Ferguson's purpose." (Footnote omitted.) *Yingst v. State*, 287 Ga. App. at 44. The court relied upon that documentary evidence, which was properly admitted under the business records exception to the hearsay rule, to determine the purpose for the roadblock. Id.

In this case, the programmatic purpose set out in the Roadblock Form is supported by the other evidence at the suppression hearing. Trooper Christian's understanding of the purposes of the roadblock was consistent with the purposes shown on the form. And the officers' actions at the scene were in line with those purposes. Christian

---

[3] Indeed, this Court has determined the purposes stated in the Roadblock Form are legitimate. *Giacini v. State*, 281 Ga. App. 426, 428 (1) (636 SE2d 145) (2006) (primary purpose of checking for driver's licenses, insurance, and impaired drivers valid); *Cater v. State*, 280 Ga. App. 891, 892 (1) (635 SE2d 246) (2006) (roadblock with primary purpose of checking for driver's licenses, seat belts, and vehicle registrations upheld).

testified that when the drivers pulled up to the roadblock, he and the other screening officers talked to them, checked their licenses, made sure they were wearing their seatbelts and checked for any signs of impairment. If the officer noticed nothing unusual, the drivers were told "to have a safe night and continue on their way." All vehicles were stopped while officers were available to work the roadblock, and if no problems were detected, the drivers were subjected to a minimal delay.

Accordingly, considering all the circumstances, we conclude that the State met its burden in this case of establishing the legitimate purpose of the roadblock.

2. Hite contends, however, that the State failed to establish the admissibility of the Roadblock Form under the business records exception to the hearsay rule. OCGA § 24-3-14. Hite argues that Trooper Christian's testimony did not establish that the form was made in the state patrol's regular course of business and that it was the patrol's regular course of business to make the record around the time the decision to implement the roadblock was made. Hite further notes that the testifying officer was not the keeper of the records and thus lacked personal knowledge of the information necessary to lay the evidentiary foundation.

It is well established, however, that "[t]he witness laying the foundation need not be the custodian of the record." *Mealor v. State*, 233 Ga. App. 193, 194 (2) (504 SE2d 29) (1998). Nevertheless,

> [t]o introduce a writing under the business records exception to the hearsay rule, a witness must lay a foundation indicating that he or she is aware of the method of keeping the documents. It is not required that the witness made the records or kept them under his or her supervision or control. Instead, *the witness must be able to testify that the record was made (1) in the regular course of business, and (2) at the time of the event or within a reasonable time of the event.* The witness's lack of personal knowledge regarding how the records were created does not render them inadmissible, but merely affects the weight given to the evidence.

(Citation omitted; emphasis supplied.) *McKinley v. State*, 303 Ga. App. 203, 209 (692 SE2d 787) (2010).

Trooper Christian testified that the Roadblock Form is a type of document kept in the regular course of business at the Georgia State Patrol. In explanation for this statement, he said that Puckett prepared one of these forms every time they had a roadblock and furnished them to the officers when the roadblock resulted in any

arrests to aid the officers in establishing the authority for the roadblock in court, particularly at Administrative License Suspension hearings. The forms were completed shortly around the time of the roadblock, either before or after the event. Christian said that he picked up the Roadblock Form in this case from his desk when he pulled his case file on Hite's arrest. He stated that he had seen Puckett's signature on many occasions, and he believed that the signature on the form belonged to Puckett. We find that this testimony laid a sufficient foundation for the introduction of the Roadblock Form into evidence. Moreover, the form contained only "routine facts whose accuracy is not affected by bias, judgment, and memory" and thus was subject to admission as a business record. (Citation and punctuation omitted.) *Yingst v. State,* 287 Ga. App. at 44. Compare *Brown v. State,* 274 Ga. 31, 33 (1) (549 SE2d 107) (2001) (finding narrative portion of police report not admissible as a business record because narrative may contain opinion and reflect "human attitudes and emotions which are subjective in nature and susceptible to many interpretations").

And contrary to Hite's contention, the recent United States Supreme Court decision in *Bullcoming v. New Mexico,* ___ U. S. ___ (131 SC 2705, 180 LE2d 610) (2011) does not compel a different result. There, the United States Supreme Court found the Confrontation Clause is violated if the prosecution introduces into evidence a certification containing both the results of a forensic analysis, as well as a representation that those results are reliable, without eliciting the in-court testimony of the analyst and making him or her available for cross-examination by the defendant. See id. at 2713; id. at 2720 (Sotomayor, J., concurring in part). In making this determination, the *Bullcoming* court applied pre-existing and well-settled rules as to what constitutes testimonial evidence. The Court noted that

> [t]o rank as "testimonial," a statement must have a "primary purpose" of "establishing or proving past events potentially relevant to later criminal prosecution." Elaborating on the purpose for which a "testimonial report" is created, we observed in *Melendez-Diaz* [*v. Massachusetts,* 557 U. S. 305 (129 SC 2527, 174 LE2d 314) (2009)] that business and public records "are generally admissible absent confrontation . . . because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."

*Bullcoming v. New Mexico*, 131 SC at 2714, n. 6. Because the Supreme Court had already determined that "[a]n analyst's certification prepared in connection with a criminal investigation or prosecution, . . . is 'testimonial,' and therefore within the compass of the Confrontation Clause," the *Bullcoming* court determined that, in the absence of an explanation for the analyst's absence or a chance for earlier cross-examination, the State was required to present testimony from the analyst who made the report. (Citation omitted.) *Bullcoming v. New Mexico*, 131 SC at 2714.

Unlike an analyst's report of tests done and conclusions drawn, however, the Roadblock Form in this case is a record of supervisory approval for the establishment of a roadblock for certain stated purposes. The testimony established that the form is created for the administration of the State Patrol's affairs, as it is prepared in every case of a roadblock, presumably for recordkeeping purposes. The fact that the form can be used in court, with an additional stamped certification from a custodian of records (in this case Puckett), does not change the primary purpose of the form from administrative to testimonial.

Accordingly, we affirm the trial court' denial of Hite's motion to suppress.[4]

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED MARCH 27, 2012 — ▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Barry L. Zimmerman, Daniel T. Gholston,* for appellant.
*Carmen D. Smith, Solicitor-General, Tracy N. Shessler, Kenneth T. Edgerton, R. Leon Benham, Assistant Solicitors-General,* for appellee.

---

[4] Even if the roadblock were somehow illegitimate, the officers may have had an independent reason to stop Hite on suspicion of driving under the influence. Christian testified that, unlike the other drivers, when Hite "came onto the ramp, he accelerated and he continued accelerating and he wasn't slowing down." Christian also testified that as Hite approached the flares marking the roadblock, he became "scared [Hite] was going to hit somebody or hit a car." If the State had an articulable suspicion to initiate a traffic stop on Hite's car, the legality of the roadblock is irrelevant. See generally *Jones v. State*, 259 Ga. App. 506, 509 (3) (578 SE2d 165) (2003) (legality of roadblock not relevant where driver was stopped for a traffic violation in backing up after he approached the roadblock).