**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 30, 2013

# In the Court of Appeals of Georgia

A13A0035. MITCHELL v. THE STATE.

PHIPPS, Presiding Judge.

Mark Mitchell filed this interlocutory appeal from the trial court's denial of his motion to suppress evidence obtained as a result of a police roadblock, asserting that the roadblock was unlawful because it was not implemented for a legitimate primary purpose. For the reasons that follow, we affirm the trial court's ruling.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's

findings on disputed facts and credibility must be accepted unless clearly erroneous."[1]

"Rulings involving solely legal issues are reviewed de novo."[2]

In examining the propriety of roadblock stops, the issue for resolution is not whether there was probable cause to stop the vehicle, but whether the roadblock stop was otherwise implemented and conducted in a manner as to demonstrate that the stop of the vehicle was reasonable under the Fourth Amendment. To justify a roadblock that serves legitimate law enforcement objectives, the State must prove that a highway roadblock program was implemented at the programmatic level for a legitimate primary purpose, that is, that the roadblock was ordered by a supervisor, rather than by officers in the field, and was implemented to ensure roadway safety rather than as a constitutionally impermissible pretext aimed at discovering general evidence of ordinary crime.[3]

Construing the evidence most favorably to uphold the court's findings and judgment,[4] the record shows that a captain with the Laurens County Sheriff's

---

[1] *Miller v. State*, 288 Ga. 286, 287 (1), n. 1, 290 (2) (702 SE2d 888) (2010).

[2] *State v. Dymond*, 248 Ga. App. 582, 584 (1) (546 SE2d 69) (2001) (citations omitted); *State v. Brown*, 315 Ga. App. 154 (726 SE2d 654) (2012).

[3] *Brown*, supra at 156 (citations and punctuation omitted); *Owens v. State*, 308 Ga. App. 374, 375 (1) (707 SE2d 584) (2011).

[4] *Miller*, supra.

Department authorized a roadblock to occur on March 17, 2006 at a particular time and location in Laurens County. The captain executed a form which reflected his authorization for the roadblock. The form, which was admitted into evidence at the May 2012 hearing on the motion to suppress, pertinently provided:

*TRAFFIC ENFORCEMENT UNIT*

ROAD BLOCKS/LICENSE CHECKS

CRIMINAL LAW:

Check points shall abide with Georgia Constitution and U. S. Constitution.

[case citations]

OBJECTIVE:

Traffic Enforcement Unit (TEU) shall conduct License Checks/Road Blocks in an effort to assist with public safety, enforce the law, and to promote order, peace, and dignity in Laurens County, Georgia. During the course of the License Checks/Road Blocks officers from the Traffic Enforcement Unit shall be on alert for illegal activity.

TRAINING:

Officers are trained and experienced in D.U.I. detection and standardized field sobriety testing. Officers have also completed POST certified courses in D.U.I. detection and standardized field sobriety testing.

CHECK POINT STIPULATION:

The Traffic Enforcement Unit shall conduct a Road Block/License Check on [date, time, location.]

Implementing Traffic Supervisor for Road Block/License Check: [name, rank, date, time.]

When asked at the hearing the purpose of the roadblock, the captain responded, "[w]e do roadblocks when we have a lot of traffic inflow for safety reasons and for sobriety purposes."

A law enforcement officer with the sheriff's department, whose role at the roadblock was to check licenses, vehicle registrations and driver sobriety, approached Mitchell's vehicle on March 17 when it arrived at the roadblock. After asking Mitchell for his license, the officer detected an odor of marijuana emanating from the vehicle. The officer obtained Mitchell's consent to search the vehicle, and found suspected marijuana in the trunk.

Mitchell moved to suppress the evidence obtained during the stop, contending that the roadblock had not been implemented for a legitimate primary purpose. After a hearing, the court denied Mitchell's motion to suppress, finding that the primary purpose of the roadblock was to check driver's licenses, that such was a proper

4

purpose, and that other purposes stated in the authorization form were secondary to that purpose.

"[W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts"[5] and, as set out above, the appellate court "has an obligation to construe the evidence most favorably to support [the trial court's] finding and judgment."[6] As to the issue raised in this appeal (whether the roadblock was implemented for a legitimate primary purpose), "the law only requires that *some* admissible evidence, whether testimonial or written, show that supervisory officers . . . had a legitimate primary purpose for" conducting the roadblock.[7] "'[W]e consider all of the available evidence in order to determine the relevant primary purpose'" of the roadblock.[8]

---

[5] Id. at 286 (1) (footnote omitted).

[6] Id. at 288 (1).

[7] *Kellogg v. State*, 288 Ga. App. 265, 268-269 (1) (b) (653 SE2d 841) (2007) (citations and punctuation omitted); see *Clark v. State*, 318 Ga. App. 873, 875-876 (1) (a) (734 SE2d 839) (2012).

[8] *State v. Morgan*, 267 Ga. App. 728, 731-732 (600 SE2d 767) (2004), citing *Ferguson v. City of Charleston*, 532 U. S. 67, 81 (III) (121 SCt 1281, 149 LE2d 205) (2001).

In this case, some admissible evidence supports the trial court's finding that the primary purpose of the roadblock was to check driver's licenses.[9] A driver's license check has been held to be a legitimate primary purpose for a roadblock.[10] Further, even if the roadblock was implemented "for safety reasons and for sobriety purposes," as indicated by the captain's testimony, those were also lawful primary purposes.[11] Thus, there was evidence to support the trial court's finding that the

---

[9] See *Miller*, supra.

[10] See *Kellogg*, supra at 267 (1) (a); *Buell v. State*, 254 Ga. App. 456, 457 (562 SE2d 526) (2002) (purpose of roadblock was not overly broad where it was conducted to check for driver's licenses, proof of insurance, driver impairment, seat belt and child restraint use, defective equipment, and expired tags).

[11] See *Clark v. State*, 318 Ga. App. 873, 875-876 (1) (a) (734 SE2d 839) (2012) (there was some evidence to support trial court's factual conclusion that purpose of roadblock was legitimate, where sergeant testified that a primary purpose was DUI detection); *Kellogg*, supra at 269 (1) (b) (affirming trial court's ruling that roadblock was authorized for a legitimate primary purpose; officer's testimony that the primary purpose of the roadblock was to check for driver's licenses and insurance cards, coupled with presence of DUI countermeasures team, supported the conclusion that the roadblock was constitutional); *Bennett v. State*, 283 Ga. App. 581, 583 (642 SE2d 212) (2007) (where authorizing officer testified that the purpose of the roadblock was to check for seatbelt infractions and DUI offenders, trial court did not err in denying motion to suppress based on claim that there was no evidence of a legitimate primary purpose).

roadblock was conducted for a legitimate purpose, and the court did not err in denying the motion to suppress.[12]

Mitchell's reliance on *State v. Morgan*[13] as requiring suppression is misplaced. In that case, this court affirmed the grant of a motion to suppress because the trial court's pertinent findings – that the roadblock was not authorized for the date on which the defendant was stopped, and the primary purpose of the roadblock was general law enforcement – were not clearly erroneous.[14] In *Morgan* (in addition to the date discrepancy), the authorizing officer had "unambiguously testified that the decision to implement the roadblock was a result of the influx of drug cases, and he

---

[12] See *Sutton v. State*, 297 Ga. App. 865, 868-869 (678 SE2d 564) (2009) (where sergeant testified that roadblock was established for traffic control and traffic enforcement, such as to check for driver's licenses, insurance, tags, and seatbelt violations, proper primary purpose was established, even though the sergeant had agreed on cross-examination that the purpose was crime suppression; nothing in the sergeant's testimony indicated that the roadblock was a pretext to discover crimes unrelated to traffic safety); *Yingst v. State*, 287 Ga. App. 43, 44 (650 SE2d 746) (2007) (affirming trial court's denial of motion to suppress based on purpose of roadblock, where authorizing document indicated purpose of roadblock was "OZT," and officer testified that "OZT" referred to a "Zero Tolerance" campaign, during which license and safety checks would be conducted at roadblocks).

[13] Supra.

[14] Id. at 731-733.

added, '*any criminal activity*, that's what we're out there for.'"[15] And in *Morgan*, "[t]he written authorization clearly indicate[d] that the purpose of the checkpoint [conducted by the "Interstate *Criminal* Enforcement Unit"[16]] was general law enforcement, and the sign posted on the interstate indicated that it was a DUI/drug checkpoint."[17] In that case, "all of the evidence indicate[d] that the primary purpose of the roadblock was general law enforcement," which was not a proper primary purpose.[18] Here, however, the traffic enforcement unit's roadblock, "set up primarily as a means to perform routine traffic checks[,] was valid," and the trial court did not err in denying Mitchell's motion to suppress.[19]

*Judgment affirmed. Ellington, C. J., and Branch, J., concur.*

---

[15] Id. at 732.

[16] (Emphasis supplied.)

[17] Id. (emphasis supplied).

[18] Id.

[19] *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998) (citations omitted).